UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUSTIN JANISH,

         Plaintiff,

                  DECISION AND ORDER
    v.                 06-CV-519A

MICHAEL J. ASTRUE,
Commissioner of Social Security,

         Defendant.

---

## INTRODUCTION

    Plaintiff Justin Janish commenced the instant action pursuant to 42 U.S.C. § 405(g), on August 4, 2006, seeking review of a final determination of the defendant, Michael J. Astrue, the Commissioner of Social Security (the "Commissioner"), denying plaintiff's claim for Supplemental Security Income ("SSI") under the Social Security Act. On May 16, 2007, the Commissioner moved for judgment on the pleadings. On July 18, 2007, the plaintiff filed a memorandum opposing the motion. On August 1, 2007, the Commissioner filed a reply memorandum. Oral argument on the motion was held on August 24, 2007.

    For the reasons stated herein, the Court grants the Commissioner's motion for judgment on the pleadings because there is substantial evidence in the record supporting the decision denying plaintiff's claim for SSI benefits.

## **PROCEDURAL HISTORY**

On January 28, 1993, plaintiff's mother filed an application for child's SSI on behalf of plaintiff, who was eight years old at the time (Tr. 17, 286-89).[1] The claim was denied initially and on reconsideration (Tr. 290-304). Administrative Law Judge ("ALJ") Grenville Harrop, Jr., issued a favorable decision on August 18, 1994 (Tr. 17, 104, 445-49). In August 2001, plaintiff's child's SSI benefits were terminated because of excess income by his parents (Tr. 17). In October 2002, plaintiff attained age eighteen (Tr. 17). On April 23, 2003, plaintiff filed an application for adult SSI, alleging disability since January 28, 1993 (Tr. 17, 50-53).[2] In September 2003, the Agency denied plaintiff's claim initially (Tr. 31, 34-37). Plaintiff requested a hearing by an ALJ (Tr. 17, 38). On October 28, 2005, plaintiff and his representative appeared at a hearing (via teleconference video) before ALJ James P. Toschi (Tr. 17, 468-502). The ALJ reviewed the case *de novo* and, on January 27, 2006, found that plaintiff was not disabled because he retained the ability to perform substantial gainful activity (Tr. 14-23). Plaintiff filed a request for review of the ALJ's decision (Tr. 13). The Appeals Council denied plaintiff's request for review on May 26, 2006, making the ALJ's decision the final decision of the Commissioner (Tr. 10-12). This action followed.

---

[1] Page citations are to the transcript of the administrative record filed by the Commissioner as part of her answer. The transcript contains various reports and records submitted pursuant to plaintiff's application for and receipt of child's SSI benefits (Tr. 58-84, 305-32, 410-12, 439-42, 450-67).

[2] SSI benefits are not payable for any period prior to the filing of the SSI application. 20 C.F.R. §§ 416.330 and 416.335.

## DISCUSSION

This Court may set aside the Commissioner's decision only if it is based upon legal error or her factual findings are not supported by substantial evidence. 42 U.S.C. § 405(g). The Supreme Court has defined the term "substantial evidence," in the context of a Social Security case, as "more than a mere scintilla" and as that evidence which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

Plaintiff alleges disability due to a learning disability, attention deficit hyperactivity disorder, and emotional problems (Tr. 86, 95). He has worked in the past as a cook, in a factory, and as a construction worker (Tr. 87, 96, 124, 127-28, 480-84). As of his hearing, he was working part-time on a dairy farm (Tr. 475).

The ALJ determined that plaintiff retained the physical residual functional capacity to perform work at any exertional level (Tr. 22). With regard to plaintiff's mental residual functional capacity, the ALJ gave partial credence to plaintiff's allegations, and to the medical evidence of record to find that plaintiff could understand, remember and carry out only simple tasks; he was prohibited from contact with the public and coworkers; and he required low-stress work, with limited contact with supervisors (Tr. 22). After reviewing the record and the submissions of the parties, the Court finds that substantial evidence supports the ALJ's findings.

Plaintiff argues that the ALJ's determination of plaintiff's residual functional capacity ("RFC") is unsupported by substantial evidence because, based on

the opinion of State agency psychologist, Madan Mohan, Ph.D., the ALJ should have found additional limitations.  The Court finds this argument without merit.

The ALJ properly assessed plaintiff's RFC.  First, the ALJ based his RFC determination on all the relevant medical and other evidence in the record, not just the findings of Dr. Mohan.  20 C.F.R. §§ 416.927, 416.929, and 416.945(a)(3).  This evidence included plaintiff's daily activities, the findings and conclusions of the consultative examiner, Dr. Pierson, clinical notes from plaintiff's treating physician, Dr. McMahon, as well as Dr. Mohan's assessment.  This evidence supported the limitations found by the ALJ in his RFC assessment, but did not show any other limitations.

Second, although Dr. Mohan noted moderate limitations in a number of areas, his ultimate assessment was that plaintiff retained the ability to follow simple directions and maintain focus on simple tasks in a low-demand, low-contact work environment (Tr. 248).  This assessment is consistent with the ALJ's RFC finding, and is consistent with the other evidence of record noted above.  Thus, substantial evidence supports the ALJ's RFC assessment.

Plaintiff further argues that the hypothetical question posed by the ALJ to the vocational expert fails to set forth fully plaintiff's impairments.  The Court finds this argument equally unavailing.

The ALJ provided the vocational expert with a hypothetical that was consistent with plaintiff's RFC (Tr. 495-96).  Further, as stated above, substantial evidence supported the ALJ's RFC assessment.  The evidence, read in its entirety, did not support any additional limitations beyond those already noted by the ALJ.  Thus, it was not necessary for the ALJ to accept the vocational expert's reply to a hypothetical

based on symptoms and limitations which the ALJ had reasonably rejected. <u>Dumas v. Schweiker</u>, 712 F.2d 1545, 1554 n.4 (2d Cir. 1983).

## **CONCLUSION**

For the reasons stated, the Court grants the Commissioner's motion for judgment on the pleadings. The Clerk of Court shall take all steps necessary to close the case.

SO ORDERED.

        s/ *Richard J. Arcara*
        HONORABLE RICHARD J. ARCARA
        CHIEF JUDGE
        UNITED STATES DISTRICT COURT

DATED: August 27, 2007